UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNERGY GREENTECH CORPORATION,

    Plaintiff,

v.

MAGNA FORCE, INC,

    Defendant.

CASE NO. C12-5543 BHS

ORDER DENYING DENFENDANT'S MOTION TO STAY PROCEEDINGS

This matter comes before the Court on Defendant Magna Force, Inc.'s ("MFI") motion to stay proceedings (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 19, 2012, Plaintiff Synergy Greentech Corporation ("Synergy") filed a complaint against MFI asserting numerous causes of action. Dkt. 1 ("Complaint"). On July 12, 2012, MFI answered and asserted counterclaims. Dkt. 14.

On March 14, 2013, MFI filed a motion to stay proceedings. Dkt. 22. On March 25, 2013, Synergy responded. Dkt. 24. On March 29, 2013, MFI replied. Dkt. 28.

ORDER - 1

## II. FACTUAL BACKGROUND

On August 10, 2010, Synergy and MFI executed a Patent Assignment Agreement ("the Patent Agreement"), in which Synergy agreed to purchase the entire right, title and interest in certain patents and patent applications from MFI ("the MFI Patents") in exchange for a purchase price of $7,500,000 U.S. dollars payable to MFI.  Complaint, ¶ 6.  MFI, however, had licensed some of the MFI Patents to MagnaDrive Corporation ("MDC") in June, 1999.  *Id.*, ¶ 11.

On November 10, 2010, MDC moved to compel arbitration challenging the validity of the Patent Agreement and alleging that MFI's assignment to Synergy violated MDC's rights under the licensing agreement.  *Id.*, ¶ 16.  On May 30, 2012, Ret. Judge Terry Lukens issued a final arbitration opinion declaring the Patent Agreement "void in its entirety."  *Id.*, ¶ 17.  In June 2012, MDC moved to confirm the arbitration award in King County Superior Court for the State of Washington, and MFI moved to vacate the decision.  Dkt. 24 at 4.  MFI argued, in part, that the arbitrator exceeded his authority under the licensing agreement by invalidating the Patent Agreement.  Dkt. 25, Declaration of Jie Li, Exh. 1.  On December 28, 2012, the Superior Court entered final judgment confirming the arbitration decision.  *Id*.  MFI timely appealed that decision and the appeal is now pending in the Washington Court of Appeals.

## III. DISCUSSION

A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  The Ninth Circuit set forth a framework to evaluate the exercise of discretion as follows:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In *CMAX*, the court, applying this framework, upheld the district court's grant of a stay. The court "noted that CMAX sought only damages" and that delaying "suit would result, at worst, in a delay in its monetary recovery, with possible (though by no means certain) loss of prejudgment interest." *Lockyer*, 398 F.3d at 1110. The court also "noted that the [additional] proceeding would provide considerable assistance in resolving CMAX's suit . . . ." *Id*.

On the other hand, the *Lockyer* court held "that a *Landis* stay is not justified under the circumstances of this case." *Id*. at 1113. The court found that "neither the balance of hardships between the parties, nor the prospect of narrowing the factual and legal issues in the other proceeding, justifies a stay." *Id*. at 1112. The court noted that one party sought "injunctive relief against ongoing and future harm," which showed "more than just a fair possibility of harm to" that party. *Id*. Moreover, the court found that "it is highly doubtful that the [collateral action] will provide a legal resolution to the [party's] claim." *Id*. Although the court held that the stay was not justified, the court cautioned that it did "not intend that [its] opinion be read to restrict unduly the ability of the district court, in appropriate cases, to issue *Landis* stays . . . ." *Id*. 1112–1113.

ORDER - 3

In this case, the parties present competing interests that must be appropriately weighed. With regard to the damage which may result from the granting of a stay, Synergy requests only monetary damages. Although Synergy also argues that certain patents will expire in May 2013, it is highly unlikely that this case would be resolved in time for Synergy to effectively monetize the technology disclosed in those patents. Therefore, the Court finds that ordering a stay would result, at worst, in a delay of Synergy's monetary recovery.

With regard to the hardship or inequity which a party may suffer in being required to go forward, MFI argues that proceeding with its defense of this case could result in duplicative and unnecessary litigation that would be "burdensome and wasteful." Dkt. 22 at 6. The Court agrees and, therefore, finds that this weighs slightly in favor of a stay.

With regard to the possible simplification of issues, the parties dispute whether this case may be simplified by the outcome of the collateral appeal in state court. Although Synergy shows that some of its claims are independent of the Patent Agreement, it implicitly concedes that some claims are dependent upon the validity of that agreement. Dkt. 24 at 6–8. The Court finds that the final determination of the arbitrator's decision could possibly simplify the issues in this matter. Therefore, the Court finds that this factor weighs slightly in favor of a stay.

The final issue to be resolved is the duration of a possible stay. MFI requests a stay pending the final resolution of its appeal in the state courts. Dkt. 22-1 at 1 (proposed order granting stay). Synergy argues that a stay of such duration is unwarranted stating that "MFI itself admits that the appellate process for its appeal could take well over 13

months." Dkt. 24 at 9 n. 6. An indefinite stay should not be granted under normal circumstances. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). A party is required to make a strong showing justifying its need for an indefinite stay. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it."). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In this case, the Court finds that, although some factors weigh in favor of a stay, MFI has failed to make a strong showing to justify a stay of indefinite nature. The current appeal may not be the final proceeding in the collateral matter as the parties may petition for review by the Washington Supreme Court or the matter may be remanded for further proceedings. On this issue, the Court notes that MFI cited, in support of granting a stay, the case *RSUI Indem. Co., Inc. v. Vision One, LLC*, 2010 WL 596193, (W.D. Wash., February 12, 2010). In *RSUI*, Judge Lasnik granted a stay, in part, because "all briefing to the court of appeals will be completed [in three days], so the delay is unlikely to be protracted." *Id*. at *2. More than two and a half years later, on August 28, 2012, the Clerk of the Court of Appeals certified that the decision issued terminating review of the appeal was final. *Id*., Cause No. 8-1386RSL, Dkt. 125-1. This case highlights the fact that, in certain circumstances, the duration of review may take longer than initially expected. Therefore, the Court denies MFI's motion for an indefinite stay.

The Court notes that there are other solutions to the problems of duplicative litigation. For example, the parties could file a joint motion to dismiss without prejudice the claims that depend upon the outcome of the arbitrator's decision with a tolling agreement. *See, e.g., Jellinek v. Advance Products & Systems, Inc.*, 2013 WL 692969 (S.D. Cal. 2013). Or, because Synergy views MFI's motion as a "belated attempt . . . to delay the day when it will be required to return [Syngergy's] $7,500,000 payment, along with additional damages and other relief [Synergy] seeks," the parties could agree to a bond pending appeal as the state trial court ordered. The Court, however, is not in the best position to craft such a remedy and has been asked only to consider a stay of an indefinite duration. In declining to exercise its discretion to grant that request, the Court is not declaring that there is no solution to the apparent problems and prompts the parties to discuss a possible solution to promote judicial efficiency and conserve the Court's and the parties' resources.

## IV. ORDER

Therefore, it is hereby **ORDERED** that MFI's motion to stay proceedings (Dkt. 22) is **DENIED.**

Dated this 10th day of April, 2013.

BENJAMIN H. SETTLE
United States District Judge