UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYNERGY GREENTECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MAGNA FORCE, INC.,<br><br>Defendant. | CASE NO. C12-5543 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Magna Force, Inc.'s ("Magna Force") motion for summary judgment (Dkt. 36) and Plaintiff Synergy Greentech Corporation's ("Synergy") motion for summary judgment (Dkt. 44). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part Magna's motion and denies Synergy's motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 19, 2012, Synergy filed a complaint against Magna asserting causes of action for unjust enrichment, failure of consideration, breach of warranty, breach of

ORDER - 1

1  covenant of good faith and fair dealing, mutual mistake, misrepresentation, and

2  promissory estoppel. Dkt. 1.

3       On July 12, 2012, Magna answered and asserted a counterclaim for breach of the

4  duty of good faith and fair dealing and a counterclaim for intentional or negligent

5  misrepresentation. Dkt. 14.

6       On May 29, 2013, both parties filed a motion for summary judgment. Dkts. 36 &

7  44. On June 17, 2013, both parties responded. Dkts. 53 & 61. On June 21, 2013, both

8  parties replied. Dkt. 73 & 78.

## II. FACTUAL BACKGROUND

### A. The Parties

Magna Force is a Washington corporation based in Port Angeles. Magna Force's president, Karl J. Lamb, is the declared inventor on multiple patents covering technologies that transfer magnetic force across an air gap to replace a physical connection between motor and load. The disclosed technologies include adjustable speed coupling systems ("ASCS") used to make adjustable speed drives, and fixed gap coupling ("FGC") involving couplings that operate a constant speed.

MagnaDrive Corp. ("MDC") is a Washington corporation with an office in Woodinville. MDC markets over 65 ASCS products and over 100 FGC products. MDC is now majority owned by a Chinese corporation. MDC is not a party to this litigation, but was a party to a related arbitration between Magna Force, Synergy, and MDC that is currently the subject of an appeal before Division I of the Washington Court of Appeals.

Synergy is a California corporation formed in August 2010. Synergy is part of the CIMIC Group, a group of companies headquartered in Shanghai, China. CIMIC formed Synergy to establish a United States distributor and to obtain the assignment of some patents from MDC. Dkt. 41, Declaration of Dan Davies ("Davies Decl."), Ex. A at 10.

**B.   The Agreements**

Magna Force licensed ASCS technology exclusively and FGC technology nonexclusively to MDC under a license agreement, dated June 10, 1999. Dkt. 3-2 ("License Agreement"). Section 14.5 of the License Agreement provides in part as follows:

> [Magna Force] hereby consents to MDC's assignment of this Agreement more than two (2) years after the date of this Agreement to a successor of MDC's business of commercializing and exploiting the MDC License (e.g., by way of a corporate reorganization or transfer of assets); provided that the successor assumes or is otherwise bound by all of MDC's obligations and liabilities under this Agreement; and provided further that the successor's principal place of business is located in the United States, Canada, or Europe or another country approved by [Magna Force], which approval shall not be unreasonably withheld.

*Id*. § 14.5.

On August 10, 2010, Magna Force and Synergy entered into an assignment agreement covering technologies disclosed in numerous patents and patent applications. Dkt. 3-1 ("Patent Agreement"). Synergy agreed to pay seven million dollars in three separate payments over the course of the next two months. *Id*. § 1(a)–(c). Upon receipt of the three payments, Magna Force agreed to assign to Synergy its "entire right, title, and interest" in the patents and applications listed in Exhibit A to the Patent Agreement. *Id*. § 5.

### C. The Arbitration

In September 2010, shortly after executing the Patent Agreement, Synergy informed MDC that it acquired Magna Force's rights under the License Agreement and threatened to terminate the License Agreement due to alleged contract breaches by MDC. MDC objected to the assignment claiming Synergy was principally based in China and commenced arbitration against Synergy and Magna Force seeking to invalidate the assignment. In arbitration, MDC sought to invalidate both the License Agreement's assignment and the Patent Agreement as a whole.

MDC prevailed in arbitration, and the arbitrator issued a final award voiding the entire Patent Agreement, including Magna Force's assignment to Synergy of the Magna Force Patents and license agreements. Dkt. 1-4.

The King County Superior Court entered final judgment invalidating the entire Patent Agreement on December 28, 2012. On January 7, 2013, Magna Force filed a notice of appeal of the final judgment because the arbitrator lacked authority to invalidate the entire Patent Agreement and because the arbitrator failed to consider Magna Force's and Synergy's counterclaim that MDC unreasonably withheld consent to the assignment (the "MDC Arbitration Appeal"). Davies Decl., Exhs. S & T.

On January 11, 2013, Magna Force filed a supersedeas bond staying the final judgment, and on February 27, 2013, the Court approved the use of alternative security to stay the judgment and stayed the judgment pending appeal. Davies Decl., Exh U.

III. DISCUSSION

Synergy moves for summary judgment on its claims for unjust enrichment, mutual mistake, and misrepresentation and Magna Force's claim for misrepresentation. Dkt. 44. Magna Force moves for summary judgment on all of Synergy's claims. Dkt. 36.

A.   **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    Unjust Enrichment and Promissory Estoppel**

A party is not entitled to equitable relief where an express contract controls. *See Spectrum Glass Co. v. Pub. Util. Dist. No. 1 of Snohomish Cnty.*, 129 Wn. App. 303, 317 (2005) (promissory estoppel); *MacDonald v. Hayner*, 43 Wn. App. 81, 85–86 (1986) (unjust enrichment). The question of whether an express contract controls depends upon the state court's judgment voiding the Patent Agreement. It is undisputed that a supersedeas bond has been posted staying the state court's judgment confirming the arbitrator's conclusion that the Patent Agreement is void. With scant authority on the issue, Synergy urges the Court to find that the bond only stayed the monetary judgment and, based on the parties' actions, the Court should declare that the status quo is that the Patent Agreement is void. Dkts. 44 at 12–14, 61 at 11–14, & 78 at 5–7. The Court declines to adopt this position. The more logical and less amorphous rule is to view the judgment as stayed and the status quo is as if no legal ruling, either by the arbitrator or

the state trial judge, has taken effect. Under this view, Synergy's equitable claims have not accrued because the express contract has not been ultimately declared void. This also means that Synergy has failed to state a claim upon which relief may be granted under these equitable theories. Therefore, the Court dismisses Synergy's equitable claims without prejudice for failure to state a claim and both parties' summary judgment motions on these issues are denied as moot.

**C.     Failure of Consideration**

In Washington, a "supposed promise is illusory when its provisions make its performance optional or discretionary on the part of the claimed promisor." *Metropolitan Park Dist. of Tacoma v. Griffith*, 106 Wn.2d 425, 434 (1986) (citing *Wharf Restaurant, Inc. v. Port of Seattle*, 24 Wn. App. 601, 609 (1979)). "[T]he failure of a significant, material portion of the consideration for a contract constitutes grounds for its rescission." *Wilkinson v. Sample*, 36 Wn. App. 266, 272 (1983) (citing *Krause v. Mariotto*, 66 Wn.2d 919 (1965)).

In this case, Synergy asserts that there has been a failure of consideration because the "entire right, title, and interest in the [Magna Force] Patents or the License Agreement has not transferred to [Synergy]." Comp., ¶ 38. Magna Force's performance, however, is not optional or discretionary and this portion of the contract has not failed. It has simply been embroiled in litigation since its very inception. Once again, Synergy's claim for failure of consideration has not accrued, and Synergy has failed to state a claim upon which relief may be granted. Therefore, the Court dismisses Synergy's claim without prejudice and Magna Force's motion is denied as moot on this claim.

## D. Breach of Express Warranty

In this case, Synergy asserts a claim for breach of an express warranty. Synergy alleges that, in Paragraph 11 of the Patent Agreement, Magna Force expressly warranted that it had "the right to enter this Patent Assignment Agreement and to make the assignments set forth herein without consent of any third party." Compl. ¶ 44. Synergy then asserts that Magna Force "did not have the right to enter into the 2010 Agreement or to assign the [Magna Force] Patents or the License Agreement to [Synergy] without MDC's consent." *Id*. ¶ 46. This claim, however, is also based on the final determination of the stayed judgment because Magna Force had contracted to assign the Licensing Agreement to any company located in certain areas, including California. Whether Synergy is a California corporation is central to this claim, and that determination has been stayed. Therefore, the Court dismisses Synergy's breach of warranty claim without prejudice for failure to state a claim upon which relief may be granted and denies as moot Magna Force's motion on this claim.

## E. Breach of Contract

Generally, a plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage. *Lehrer v. State, Dept. of Social and Health Services*, 101 Wn. App. 509, 516 (2000). The breach must be material or one that "substantially defeats" a primary function of the agreement:

> [M]ateriality is a term of art in contract analysis, and identifies a breach so significant it excuses the other party's performance and justifies rescission of the contract. As stated in the Washington Pattern Jury Instructions: Civil, a material breach is one "serious enough to justify the other party in

      abandoning the contract . . . one that substantially defeats the purpose of the contract."

*Park Ave. Condo. Owners Ass'n v. Buchan Devs., L.L.C.*, 117 Wn. App. 369, 383 (2003) (footnote omitted; quoting 6A Washington Pattern Jury Instructions: Civil 302.03, at 127 (1997)).

      In this case, Synergy has asserted that Magna Force breached the Patent Agreement based on three independent allegations. Compl. ¶¶ 50-52. Two of those allegations have been abandoned (*see* Dkt. 61 at 24–25) and, in its motion, Synergy added an additional factual allegation. With regard to the latter, Synergy argues that Magna Force has breached the contract because Synergy has not received the royalties from MDC. *Id*. The royalties, however, are being deposited into an escrow account and, it would seem, be dispersed to the proper party upon final determination of the state court action. Therefore, Synergy's argument is without merit.

      With regard to the remaining original allegation, Synergy claims a breach of contract seeking rescission because "Attachment A to the [Patent] Agreement initially represented that the expiration date of U.S. Patent No. 6,005,317 as February 20, 2018. The expiration date of the patent is in fact May 21, 2013." Compl. ¶ 52. Synergy has failed to show that this error is a material breach, and the Court finds that no reasonable juror could conclude that this error in one of 185 patents would be material. Moreover, Synergy has failed to submit any evidence of actual damages on this element of its claim. In order to overcome a summary judgment motion, the non-moving party must submit admissible evidence on every element of the claim. The Court is unaware of, and

Synergy fails to cite, any evidence that it has been harmed by the incorrect date and its failure to monetize this patent for the incorrect time period. Therefore, the Court grants Magna Force's motion for summary judgment on the incorrect date basis for Synergy's breach of contract claim.

**F.     Mutual Mistake**

A contract is voidable due to a mutual mistake only where "a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made [and] has a material effect on the agreed exchange of performances," and the party seeking to void the agreement did not bear the risk of the mistake. *Paopao v. Dept. of Soc. and Health Servs.*, 145 Wn. App. 40, 50 (2008). "A party seeking to rescind an agreement on the basis of mutual mistake must show by clear, cogent and convincing evidence that the mistake was independently made by both parties." *Id*.

In this case, Synergy's claim is a moving target. The asserted claim in the complaint is based on two allegations: (1) the ownership of "PCT Application No. PCT/US94/05518 and national phase patents that originated from this PCT Application" (Dkt. 3, ¶ 56), and (2) "the expiration date of U.S. Patent No. 6,005,317 . . . ." (*id*. ¶ 58). In its response brief, Synergy states that Magna Force "fundamentally misapprehends the nature of" Synergy's claim because its "mutual mistake claim is not based solely on the mistakes in the patent list." Dkt. 61 at 19. This accusation is confusing because according to the complaint, the patent mistakes are the *only* factual allegations supporting the mutual mistake claim. Perhaps realizing the weakness of these allegations, Synergy changed its litigation strategy. Regardless, the Court agrees with Magna Force that no

rational juror would find that these two minor mistakes were basic assumptions of the contract. Dkt. 36 at 23–24.  Moreover, Synergy possessed the list for over a month before entering into the agreement without reviewing it or completing due diligence with the patent office to confirm the accuracy of the information provided.  *See CPL (Delaware) LLC v. Conley*, 110 Wn. App. 786, 791 (2002) ("[a] party bears the risk of a mistake if he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient.") (quoting *Bennett v. Shinoda Floral, Inc.*, 108 Wn.2d 386, 396 (1987)).  Therefore, the Court concludes that Magna Force is entitled to summary judgment on these issues.

With regard to Synergy's new bases for liability, they are based on the false premise that the Patent Agreement is void.  Synergy argues that "the claim also encompasses far more fundamental mistakes"

> such as (1) the parties' mistake as to whether California would be considered to be SGT's "principal place of business" as that term is used in the MDC license agreement, and (2) the parties' mistaken belief that SGT would be able to use or monetize the MFI patents.

Dkt. 61 at 19 (quoting Dkt. 44 at 15).  Until the arbitrator found otherwise, California was Synergy's state of incorporation.  That legal determination is on appeal and judgment is stayed.  Moreover, Synergy's ability to monetize the patents also depends on the validity of the Patent Agreement.  Therefore, to the extent that these are actual claims in this case (arguably they are not), the claims are dismissed for failure to state a claim upon which relief may be granted.

**G.     Misrepresentation**

In this case, Synergy has asserted a general misrepresentation claim (Dkt. 3-1 at 9–10), and Magna Force has asserted either an intentional or negligent misrepresentation claim (Dkt. 14 at 13). To state an intentional misrepresentation claim a plaintiff must allege:

> (1) [a] representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) her intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; and (9) his consequent damage.

*Kirkham v. Smith*, 106 Wn. App. 177, 183 (2001) (citation omitted). To state a negligent misrepresentation claim a plaintiff must allege:

> (1) the defendant provided false information for plaintiff's guidance in a business transaction; (2) the defendant knew or should have known that the information was supplied to guide plaintiff in that business transaction; (3) defendant was negligent in obtaining or communicating the false information; (4) plaintiff relied on defendant's false information; (5) plaintiff's reliance was reasonable; and (6) the false information was the proximate cause of plaintiff's damages.

*Ross v. Kirner*, 162 Wn.2d 493, 499 (2007) (citing *Lawyers Title Ins. Corp. v. Baik*, 147 Wn.2d 536, 545 (2002)).

In this case, both parties' claims are premature because neither party has relied on the other's information to its detriment. The only detriment to either party is expensive litigation.[1] If the arbitrator's decision is upheld, then the parties may allege actual facts

---

[1] The Court denied Magna Force's motion to stay because indefinite stays are disfavored and some of Synergy's claims were independent of the state court decision. Dkt. 32. Now, if the

1  to support a claim. But, at this point, both parties fail to state claims upon which relief
2  may be granted. Therefore, the Court dismisses without prejudice Synergy's
3  misrepresentation claim and Magna Force's misrepresentation counterclaim and denies as
4  moot the parties' motion for summary judgment.

5  **H.   Remaining Claim**

6      It appears that the only remaining claim is Magna Force's breach of the duty of
7  good faith and fair dealing claim. Dkt. 14 at 12. The Court is hesitant to prepare for trial
8  on this counterclaim because it appears to fail for the same reason the majority of the
9  other claims have, it is premature. The Court, however, will allow the parties an
10 opportunity to resolve the claim before ruling on it *sua sponte* without notice or an
11 opportunity to be heard.

12                                **IV. ORDER**

13     Therefore, it is hereby **ORDERED** that Magna Force's motion for summary
14 judgment (Dkt. 36) is **GRANTED in part** and **DENIED in part** as stated herein and
15 Synergy's motion for summary judgment (Dkt. 44) is **DENIED**.
16     Dated this 18th day of July, 2013.

*(signature)*

BENJAMIN H. SETTLE
United States District Judge

---

22 parties desire to pursue these claims, they are forced to file a new action upon final resolution of the state court action.