UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYNERGY GREENTECH CORPORATION,<br><br>               Plaintiff,<br><br>   v.<br><br>MAGNA FORCE, INC,<br><br>               Defendant. | CASE NO. C12-5543 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COSTS AND GRANTING DEFENDANT'S MOTION FOR COSTS |

This matter comes before the Court on the parties' opposing motions for costs (Dkts. 99 & 101).

On July 18, 2013, the Court issued an order on the parties' opposing motions for summary judgment. Dkt. 95. The Court granted Defendant Magna Force, Inc.'s ("Magna Force") motion in part on some aspects of Plaintiff Synergy Greentech Corporation's ("Synergy ") claims, denied the remainder of the motion, and dismissed the majority of Synergy's claims without prejudice because they were premature. *Id*. The Court denied Synergy's motion and dismissed one of Magna Force's claims without

ORDER - 1

prejudice because it was premature. *Id*. On July 25, 2013, the parties stipulated to a dismissal of Magna Force's remaining counterclaim. Dkt. 96.

On August 1, 2013, Magna Force filed a motion for costs. Dkt. 99. On August 12, 2013, Synergy responded. Dkt. 102. On August 16, 2013, Magna Force replied. Dkt. 104.

On August 8, 2013, Synergy filed a motion for costs. Dkt. 101. On August 19, 2013, Magna Force responded. Dkt. 105. On August 23, 2013, Synergy replied. Dkt. 106.

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

In this case, Synergy's counsel is walking a fine line with its Rule 11 obligations. First, it filed the complaint and motion for summary judgment with little to no authority in support of its position that its claims were ripe for adjudication. On this issue, there was at least a nonfrivolous argument for extending existing law or establishing new law. The Court, however, disagreed and held that the majority of the claims were premature. Dkt. 95.

Now Synergy has filed its motion for costs in direct contradiction to existing Ninth Circuit law. The one case it cites in support of its position, *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003), was explicitly distinguished in *Oscar v. Alaska Dept. of Educ. and Early Development*, 541 F.3d 978, 981–982 (9th Cir. 2008). Synergy argues that it is a prevailing party because it obtained dismissal without prejudice on both of Magna

Force's counterclaims. In *Oscar*, the court held that a party is not considered a prevailing party when it obtains dismissal without prejudice. 541 F.3d at 981. The court went on to distinguish *Miles* on the ground that the plaintiff's federal claim in *Miles* was eliminated and the plaintiff was free to seek relief in state court. *Id*. at 982. The *Oscar* court stated that the "bar against further proceedings in federal court clearly distinguishes *Miles* from" the present case in which the defendant remained at risk that the plaintiff could refile his claims in federal court. *Id*. Synergy's counsel doesn't even attempt to distinguish this case law that is directly counter to its position. Therefore, the Court **DENIES** Synergy's motion for costs.

On the other hand, Magna Force obtained summary judgment on some portions of Synergy's claims. Therefore, the Court **GRANTS** Magna Force's motion for costs.

**IT IS SO ORDERED**.

Dated this 28th day of August, 2013.

BENJAMIN H. SETTLE
United States District Judge